1  Kathryn J. Halford (CA Bar No. 068141)
   Email: khalford@wkclegal.com
2  Elizabeth Rosenfeld (CA Bar No. 106577)
   Email: erosenfeld@wkclegal.com
3  Lauren E. Schmidt (CA Bar No. 321435)
   Email: lschmidt@wkclegal.com
4  **WOHLNER KAPLON CUTLER**
   **HALFORD & ROSENFELD**
5  16501 Ventura Boulevard, Suite 304
   Encino, CA  91436
6  Telephone: (818) 501-8030 ext. 305
   Facsimile: (818) 501-5306
7

8  Attorneys for Plaintiffs, Board of Directors
   of the Motion Picture Industry Pension Plan, et al.
9

10

11           **UNITED STATES DISTRICT COURT**

12            **CENTRAL DISTRICT OF CALIFORNIA**

13                    **Western Division**

14

| | |
|---|---|
| BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY INDIVIDUAL ACCOUNT PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY HEALTH PLAN, | **CASE NO.** |
| | **COMPLAINT FOR BREACH OF CONTRACT; DAMAGES; AND VIOLATION OF ERISA** |
| Plaintiffs, | [29 U.S.C. §§ 1132, 1145; 29 U.S.C. §185] |
| vs. | |
| MARCH ON PRODUCTIONS, INC., a California corporation, | |
| Defendant. | |

COMPLAINT FOR BREACH OF CONTRACT; DAMAGES; AND VIOLATION OF ERISA

Plaintiffs allege as follows:

## JURISDICTION

1. Jurisdiction is conferred upon this court by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and by Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a).

## VENUE

2. In accordance with Section 502(e) of ERISA, 29 U.S.C. § 1132(e), venue is appropriate in the Central District of California as the place where the Plans are administered and where the contractual obligations alleged herein are to be performed.

## PARTIES

3. Plaintiffs, Board of Directors of the Motion Picture Industry Pension Plan, Board of Directors of the Motion Picture Industry Individual Account Plan, and Board of Directors of the Motion Picture Industry Health Plan (herein "Plaintiffs"), are each the duly selected governing bodies of their respective jointly administered Labor-Management Trust Funds that were created and are maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

4. The Motion Picture Industry Pension Plan ("Pension Plan") and the Motion Picture Industry Individual Account Plan ("IA Plan") are employee pension benefit plans as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2). The Motion Picture Industry Health Plan ("Health Plan") is an employee welfare benefit plan as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1). The Pension Plan, IA Plan, and Health Plan (collectively referred to herein as the "Plans") are multiemployer plans within the meaning of ERISA Sections 3(37)(A) and 515, 29 U.S.C. §§ 1002(37)(A), 1145. Plaintiffs are fiduciaries with respect to the Plans within the meaning of ERISA Section 21(A), 29 U.S.C. § 1002(21)(A). The Plans were established pursuant to collective bargaining agreements between various

employers and employer associations performing work in the entertainment (motion picture and television) industry, and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, AFL-CIO ("IATSE"), an unincorporated labor organization. The Plans are administered in the Studio City neighborhood of Los Angeles, California.

5. Plaintiffs are informed and believe and, upon that basis, allege that, at all times relevant herein, Defendant March On Productions, Inc. ("March On" or "Defendant") was and is a corporation organized and existing under the laws of California.

6. Plaintiffs are informed and believe and, upon that basis, allege that, at all times relevant herein, Defendant was an employer in an industry affecting commerce within the meaning of the LMRA and ERISA.

7. This Complaint is prosecuted pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, to enforce the provisions of ERISA against employers engaged in an industry affecting commerce.

**GENERAL ALLEGATIONS**

8. Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 7 of this Complaint, as if fully set forth herein.

9. On or about August 4, 2016, Defendant entered into an Agreement of Consent and Agreement with IATSE (the "Agreements"), by which March On agreed to be bound by various IATSE Collective Bargaining Agreements, including the 2015 IATSE Basic Agreement. On or about June 14, 2017, March On entered into a Term Agreement with IATSE, by which March On agreed to be bound by all Collective Bargaining Agreements contained in Appendix A of the Term Agreement. True and correct copies of the Agreements and the Term Agreement are submitted herewith and incorporated herein by reference as

"Exhibit 1." The Agreements, the Term Agreement, and all collective bargaining agreements to which Defendant was and is bound at all relevant times herein are hereinafter collectively referred to as the "CBAs."

10. On or about August 2, 2016, March On executed an IATSE Trust Acceptance, wherein it agreed to be bound by all terms and conditions of the Agreements and Declarations of Trust establishing the Plans ("Trust Agreements") and to contribute to the Plans on behalf of each employee covered by the CBAs. A true and correct copy of the Trust Acceptance is submitted herewith and incorporated herein by reference as "Exhibit 2." The CBAs also obligated March On to the terms and conditions of the Trust Agreements.

11. The Trust Agreements obligate employers to forward a single, combined weekly remittance report, together with contributions owed to the Plans for the total hours worked by or guaranteed to all covered employees, by the last day of the payroll week. Contributions are deemed delinquent if they are not received within ten (10) working days from the date such contributions become due.

12. The Trust Agreements provide that, in the event of a delinquency in contributions, employers shall be liable to the Plans for the contributions owed as well as: (i) interest on the delinquent contributions at the rate of one percent (1%) per month, accruing from the date the payment is due until the day payment is made; (ii) liquidated damages in an amount equal to the greater of either twenty percent (20%) of the amount of the contributions due or the amount of interest due, and; (iii) all expenses of collection, including but not limited to, reasonable accountants' fees, auditors' fees, attorneys' fees, and costs incurred in connection therewith.

13. Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of the CBAs and the Trust Agreements.

///

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

14. Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

15. Plaintiffs are informed and believe and thereupon allege that Defendant employed persons who performed work covered under the CBAs but failed to report and pay contributions to the Plans for these covered employees.

16. As authorized by the Trust Agreements, on January 8, 2019, Plaintiffs completed and published an audit of Defendant's records (the "Audit"), which disclosed for the first time that March On had failed to pay contributions in the amount of $6,735.49 for hours worked by its employees during the period of July 31, 2016 to November 3, 2018. Prior to completion of the Audit, Plaintiffs were unaware that Defendant had failed to properly report and pay contributions.

17. In accordance with the Trust Agreements, as of the Audit's publication, interest in the amount of $252.86 had accrued on the delinquent contributions, and liquidated damages in the amount of $1,347.10 had been assessed. Interest continues to accrue on the unpaid contributions from the date the contributions were due until the date they are paid. In addition, to date, Plaintiffs have incurred audit costs of $431.25

18. As a result of Defendant's failure to timely report and pay contributions to the Plans, it has been necessary for Plaintiffs to employ the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld, and Plaintiffs have incurred attorneys' fees.

19. On March 28, 2019, Plaintiffs demanded payment for the unpaid contributions, liquidated damages, interest, and audit costs, for a total of $8,766.70. The total amount demanded remains due and owing, together with the interest and liquidated damages that have continued to accrue from the date of publication of the Audit.

20. As a result of Defendant's breach of the CBAs and the Trust Agreements, Plaintiffs have been damaged in an amount equal to the total contributions owed, liquidated damages, interest, and all costs of collection including attorneys' fees, court costs, and audit costs incurred in enforcing the terms of the CBAs and the Trust Agreements.

## SECOND CLAIM FOR RELIEF
## (Violation of ERISA)

21. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 20, as though fully set forth herein.

22. By failing to accurately report and pay contributions to the Plans in accordance with the provisions of the CBAs and the Trust Agreements, Defendant violated ERISA Section 515, 29 U.S.C. § 1145. Therefore, in accordance with the terms of the Trust Agreements and pursuant to ERISA Sections 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, Plaintiffs are entitled to, and hereby demand, payment by Defendant of all contributions determined to be due, plus liquidated damages, interest, reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of the CBAs and Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs pray for judgment against Defendant March On Productions, Inc., a California corporation, as follows:

## ON ALL CLAIMS FOR RELIEF

1. For unpaid contributions in the sum of $6,735.49 as disclosed by the Audit;

2. For payment of interest calculated at the rate of one percent (1%) per month on all unpaid audit contributions owed from the date due until the date paid;

3. For payment of liquidated damages in an amount presumed to be the greater of twenty percent (20%) of the amount of contributions due, or the amount of interest calculated at the rate of one percent (1%) per month until paid;

4. For payment of audit costs in the sum of $431.25;

5. For attorneys' fees and costs; and

**ON THE SECOND CLAIM FOR RELIEF**

6. For such other relief as the court deems appropriate, including other appropriate legal and/or equitable relief in accordance with ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

DATED: July 9, 2019

Kathryn J. Halford
Elizabeth Rosenfeld
Lauren E. Schmidt
**WOHLNER KAPLON CUTLER HALFORD & ROSENFELD**

By: */s/ Lauren E. Schmidt*
LAUREN E. SCHMIDT
Attorneys for Plaintiffs Board of Directors of the Motion Picture Industry Pension Plan, et al.