UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-05885-CAS-JC | Date | October 29, 2019 |
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN ET AL. v. MARCH ON PRODUCTIONS, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Dkt. [ 12 ], filed September 13, 2019)

## I.    INTRODUCTION AND BACKGROUND

On July 9, 2019, plaintiffs Board of Directors of the Motion Picture Industry Pension Plan, Board of Directors of the Motion Picture Industry Individual Account Plan, and Board of Directors of the Motion Picture Industry Health Plan (collectively, "plaintiffs") filed this action against defendant March On Productions, Inc. ("March On"). Dkt. 1 ("Compl."). The complaint asserts claims for: (1) breach of contract; and (2) violation of the Employee Retirement Income Security Act ("ERISA"). Id.

March On has not appeared in this action to date. On August 9, 2019, plaintiffs requested that the Clerk enter default against March On, and the Clerk did so on August 12, 2019. Dkt. 9, 10. On September 13, 2019, plaintiffs filed the present motion for default judgment against March On. Dkt. 12-1 ("Mot.").

Plaintiffs are the governing bodies and fiduciaries of employee pension and welfare benefit plans (the "Plans") covering employees that perform work in the motion picture and television industry. Compl. ¶¶ 3–5. The Plans were established pursuant to collective bargaining agreements between various employers and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, AFL-CIO ("IATSE"). Id. ¶ 4. Plaintiffs' claims arise out of the alleged failure of one such employer, March On, to honor the terms of these agreements. Id. ¶ 9. According to plaintiffs, these agreements required March On to, among other things, "forward a single, combined weekly remittance report, together with contributions owed to [plaintiffs] for the total hours worked by or guaranteed to all covered employees, by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-05885-CAS-JC | Date | October 29, 2019 |
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN ET AL. v. MARCH ON PRODUCTIONS, INC. | | |

last day of the payroll week." Compl. ¶ 11. Plaintiffs allege, however, that March On instead "employed persons who performed work covered under the [collective bargaining agreements] but failed to report and pay contributions to [plaintiffs] for these covered employees." Compl. ¶ 15. Plaintiffs allege that "in the event of a delinquency in contributions, [March On] shall be liable to [plaintiffs] for the contributions owed as well as: (i) interest on the delinquent contributions at the rate of one percent (1%) per month, accruing from the date the payment is due until the day payment is made; (ii) liquidated damages in an amount equal to the greater of either twenty percent (20%) of the amount of the contributions due or the amount of interest due, and; (iii) all expenses of collection, including but not limited to, reasonable accountants' fees, auditors' fees, attorneys' fees, and costs incurred in connection therewith." Id. ¶ 12. Accordingly, plaintiffs now seek payment for "the unpaid contributions, liquidated damages, interest, and audit costs, for a total of $8,766.70." Id. ¶ 19.

The Court held a hearing on October 21, 2019. Having carefully considered the plaintiffs' motion and supporting exhibits, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff may apply to the court for a default judgment. Fed. R. Civ. P. 55. Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005). The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55–1 and 55–2." Harman Int'l Indus., Inc. v. Pro Sound Gear,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-05885-CAS-JC | Date | October 29, 2019 |
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN ET AL. v. MARCH ON PRODUCTIONS, INC. | | |

Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)." See C.D. Cal. L.R. 55–1. Under Local Rule 55–2, "where an application for default judgment seeks unliquidated damages, the party seeking entry of the default judgment is obligated to serve notice of the application on the defaulting party regardless of whether the latter has appeared in the action." Halicki v. Monfort, No. 2:08-cv-00351-PSG-JTL, 2009 WL 10672966, at *2 (C.D. Cal. Nov. 19, 2009) (citing C.D. Cal. L.R. 55–2).

## III. DISCUSSION

### A. Procedural Requirements

In connection with their request for entry of default judgment against March On, plaintiffs submit a declaration attesting that: (a) on August 12, 2019, the Clerk entered default against March On following its failure to respond to either the summons or complaint; (b) March On is neither an infant nor an incompetent person; and (c) the Servicemembers Civil Relief Act does not apply. Dkt. 12-9, Declaration of Lauren Schmidt ("Schmidt Decl.") ¶¶ 2–6. Additionally, plaintiffs served notice of their motion on March On, including the requested amount, on September 13, 2019, and have since filed proof of service with the Court. See Dkt. 13. Accordingly, the plaintiffs have satisfied the procedural requirements required for entry of default judgment. See C.D. Cal. L.R. 55–1; 55–2. The Court therefore turns to the merits of plaintiffs' motion.

### B. Application of the Eitel Factors

Plaintiffs assert that each the Eitel factors support the Court entering default judgment against March On. Mot. at 5–9. The Court addresses each factor in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-05885-CAS-JC | Date | October 29, 2019 |
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN ET AL. v. MARCH ON PRODUCTIONS, INC. | | |

### 1. Possibility of Prejudice

The first <u>Eitel</u> factor considers whether plaintiffs will suffer prejudice if default judgment is not entered. <u>Eitel</u>, 782 F.2d at 1471–72. This factor favors entry of default judgment where, absent entry of default judgment, plaintiffs "will likely be without other recourse for recovery." <u>PepsiCo, Inc. v. California Sec. Cans</u>, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

Here, plaintiffs assert that without a default judgment, they will likely be without other recourse for recovery because March On has "refused to pay the sums due." Mot. at 6. Because March On has not participated in this action to date, plaintiffs would be prejudiced if default judgment was not entered in their favor. See <u>Pepsi</u>, 238 F. Supp. 2d at 1177. Accordingly, this factor favors the entry of default judgment against March On.

### 2. Substantive Merits and Sufficiency of the Claims

The second and third <u>Eitel</u> factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together. <u>PepsiCo</u>, 238 F. Supp. 2d at 1175. These factors "are often treated by courts as the most important <u>Eitel</u> factors." <u>Federal Nat. Mortg. Ass'n v. George</u>, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) (citations omitted). For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. <u>Geddes v. United Fin. Grp.</u>, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." <u>Cripps v. Life Ins. Co. of N. Am.</u>, 980 F.2d 1261, 1267 (9th Cir. 1992). The Court separately addresses the substantive merits and sufficiency of plaintiffs' two claims.

#### i. Breach of Contract Claim

Plaintiffs seek entry of default judgment against March On as to their breach of contract claim. Mot. at 6–7. To prevail on a claim for breach of contract, plaintiffs must establish: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." <u>Oasis W. Realty, LLC v. Goldman</u>, 51 Cal. 4th 811, 821 (2011) (internal citations omitted). A valid contract requires capable, consenting parties, a lawful object, and sufficient cause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-05885-CAS-JC | Date | October 29, 2019 |
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN ET AL. v. MARCH ON PRODUCTIONS, INC. | | |

or consideration. Mountain View Surgical Ctr. v. Cigna Health Corp., No. 2:13-cv-08083-DDP-AGR, 2015 WL 519066, at *2 (C.D. Cal. Feb. 9, 2015) (citing Cal. Civ. Code § 1550).

Plaintiffs sufficiently allege the existence of contracts, attaching to the complaint copies of the various agreements between March On and IATSE, plaintiffs' sponsoring labor organization, which both: (1) bind March On to collective bargaining agreements; and (2) obligate March On to contribute to the employee pension and welfare benefit plans of employees covered by these collective bargaining agreements. See Dkt. 1-1, Exhibit 1 ("Ex. 1"); Dkt. 1-2, Exhibit 2 ("Ex. 2"). Plaintiffs also allege that they "have complied with all conditions precedent, if any, to be performed under the terms of the [collective bargaining agreements] and the Trust Agreements." Compl. ¶ 13. Plaintiffs further allege that March On has failed to comply with its obligations under the various collective bargaining agreements by "fail[ing] to properly report and pay contributions." Id. ¶ 16. According to plaintiffs, March On's failure to perform has caused resulting damages to plaintiffs in the form of "unpaid contributions, liquidated damages, interest, and audit costs, for a total of $8,766.70." Id. ¶ 19. There is no indication of lack of consent or any other grounds for excusing Move On's non-performance. Taking these allegations as true, plaintiffs have established a likelihood of prevailing on the merits of their breach of contract claim. Accordingly, these factors weigh in favor of entry of default judgment against March On.

### ii. ERISA Claim

Plaintiffs also assert that March On's failure to accurately report and pay contributions to the Plans violates Section 515 of ERISA.[1] Compl. ¶ 22. To prevail on their ERISA claim, plaintiffs must establish that: "(1) the Trusts are multi-employer plans under 29 U.S.C. § 1002(37); (2) the collective bargaining agreement obligated Defendant to make the employee benefit contributions; and (3) Defendant failed to make the contribution payments pursuant to the collective bargaining agreement." Bd. of Trustees

---

[1] Plaintiffs seek recovery pursuant to Section 502(g)(2) of ERISA. Compl. ¶ 22. Section 502(g)(2) provides a private right of action for fiduciaries of ERISA employee benefit funds, allowing them to bring suit to enforce employers' duties to make contributions to these funds. 29 U.S.C. § 1132(g)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-05885-CAS-JC | Date | October 29, 2019 |
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN ET AL. v. MARCH ON PRODUCTIONS, INC. | | |

of the Laborers Health v. Aparicio, No. 15-cv-04131-TEH, 2016 WL 806307, at *3 (N.D. Cal. Mar. 2, 2016) (internal punctuation and citation omitted).

Here, plaintiffs allege: (1) that the Plans are "multiemployer plans within the meaning of . . . 29 U.S.C. §§ 1002(37)(A) [and] 1145"; (2) that March On is obligated "to forward a single, combined weekly remittance report, together with contributions owed to the Plans; and (3) that March On "ha[s] failed to properly report and pay contributions." Compl. ¶¶ 4, 11, 16. Taken as true, these allegations are sufficient for plaintiffs to establish a likelihood of success on their ERISA claim. See Trustees of S. California IBEW-NECA Pension Plan v. Pro Tech Eng'g Corp., No. 8:15-cv-00637-DOC-E, 2017 WL 10573806, at *3 (C.D. Cal. Aug. 28, 2017) (finding default judgment appropriate as to applicant's Section 515 claim because "Plaintiff has sufficiently alleged that PTE was obligated to, and failed to, make contributions to multiemployer plans under the terms of the Trust Agreements."). Accordingly, these factors also weigh in favor of default judgment against Move On as to plaintiffs' ERISA claim.

### 3. Amount of Money at Stake

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). "While the allegations in a complaint are taken to be true for the purposes of default judgment, courts must make specific findings of fact in assessing damages." Moroccanoil, Inc. v. Allstate Beauty Prod., Inc., 847 F. Supp. 2d 1197, 1202 (C.D. Cal. 2012). The Court reviews declarations, calculations, and other damages documentation to determine whether the sum of money at stake is appropriate. Craneveyor Corp. v. AMK Express Inc., No. 2:16-cv-6049-RSWL-E, 2017 WL 89553, at *5 (C.D. Cal. 2017).

Here, plaintiffs seek an award of $12, 933.70. Dkt. 12 at 2–3. This amount includes unpaid contributions of $6735.49, interest of $252.86 on the unpaid contributions, liquidated damages of $1,347.10, and audit fees of $431.25. Plaintiffs also seek attorneys' fees in the amount of $3,500.00 as well as litigation costs in the amount of $667.00. Id. Accordingly, the amount requested does not weigh against the entry of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL       'O'

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-05885-CAS-JC | Date | October 29, 2019 |
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN ET AL. v. MARCH ON PRODUCTIONS, INC. | | |

See Pro Tech Eng'g Corp., 2017 WL 10573806, at *3 (finding requested award of $88,397.73 in ERISA case, including "$54,391.26, interest of $7,006.98 on the unpaid contributions, liquidated damages of $10,878.24, and audit fees of $16,121.2" did not weigh against entry of default judgment because "[t]he damages Plaintiff seeks are proportional to the harm caused by Defendant . . . because [Defendant] was contractually obligated to pay the contributions, and payment of the interest, attorney's fees, costs, and liquidated damages are mandated by ERISA.") (citing 29 U.S.C. § 1132(g)).

### 4. Possibility of Dispute Concerning the Material Facts

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." Id. Here, plaintiffs "filed a well-pleaded complaint alleging the facts necessary to establish [their] claims, and the court clerk entered default against" March On. See Philip Morris USA, Inc. v. Castworld Prod., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Accordingly, "no dispute has been raised regarding the material averment of the complaint, and the likelihood that any genuine issue may exist is, at best, remote." Id. The Court therefore concludes that this factor favors entry of default judgment against March On.

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendants' default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177. "There is little possibility of excusable neglect and default judgment is favored when defendants fail to respond after being properly served." Constr. Laborers Tr. Funds for S. California Admin. Co. v. Anzalone Masonry, Inc., 316 F. Supp. 3d 1192, 1201–02 (C.D. Cal. 2018). Here, plaintiffs have served March On with the summons, complaint, *and* motion for default judgment. Accordingly, there is no indication that March On's failure to appear is due to excusable neglect, and this factor favors the entry of default judgment against March On.

### 6. Policy Favoring Decisions on the Merits

Under the seventh Eitel factor, the Court considers the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. However, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (internal citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-05885-CAS-JC | Date | October 29, 2019 |
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN ET AL. v. MARCH ON PRODUCTIONS, INC. | | |

A party's failure to answer or appear makes a decision on the merits impractical, if not impossible. Id. "Notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant's failure to appear and respond 'makes a decision on the merits impractical, if not impossible,' default judgment is appropriate. Constr. Laborers Tr. Funds for S. California Admin. Co. v. Black Diamond Contracting Grp., Inc., No. S8:17-cv-00770-JLS-DFM, 2017 WL 6496434, at *5 (C.D. Cal. Dec. 18, 2017). March On's failure to appear or otherwise respond makes a decision on the merits in this case impractical, if not impossible." As a result, this factor does not preclude the entry of default judgment against March On.

Taken together, the Eitel factors favor entry default judgment against March On.

**C.   Requested Relief**

Having determined that entry of default judgment is warranted, the Court addresses the scope of appropriate relief. With respect to monetary sums, "only the amount prayed for in the complaint may be awarded to the plaintiff in a default." Elektra, 226 F.R.D. at 393 (citing Fed. R. Civ. P. 54(c)). Moreover, the movant seeking default judgment must prove up the damages sought, and although the Court may hold an evidentiary hearing to determine the amount of damages, no hearing is necessary "if the amount of damages can be determined from definite figures contained in the documentary evidence or in detailed affidavits." Bravado Int'l Grp. Merch. Servs., Inc. v. Quintero, No. 2:13-cv-00693-SVW-SS, 2013 WL 12126750, at *4 (C.D. Cal. Nov. 27, 2013) (internal citation omitted). ERISA, however, mandates an award of the following relief in cases where an employer fails to make contributions to a plan:

    **(A)** the unpaid contributions,

    **(B)** interest on the unpaid contributions,

    **(C)** an amount equal to the greater of--

        **(i)** interest on the unpaid contributions, or

        **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL         'O'

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-05885-CAS-JC | Date | October 29, 2019 |
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN ET AL. v. MARCH ON PRODUCTIONS, INC. | | |

**(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and

**(E)** such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g). The Court evaluates each form of plaintiffs' requested relief in turn.

    1.    **Unpaid Contributions, Interest, Liquidated Damages, and Audit Costs**

Plaintiffs seek $6,735.49 in unpaid contributions, $252.86 in interest on those unpaid contributions, $1,347.10 in liquidated damages, and $431.25 in audit costs. Dkt. 12 at 2–3. These amounts match those that plaintiffs prayed for in the complaint, are supported by evidence, and are recoverable by statute.[2] See Compl. ¶¶ 16–17; Dkt 12-2, Declaration of Chris Tashchyan ("Tashchyan Decl.") ¶¶ 12–14; 29 U.S.C. § 1132(g); Boards of Directors of Motion Picture Indus. Pension Plan v. Chain Letter, LLC, No. 2:09-cv 09-3172-MMM-E, 2011 WL 13269290, at *7 (C.D. Cal. Jan. 31, 2011) ("Plaintiffs can recover audit costs under § 515 of ERISA.").

Accordingly, the Court finds that an award of $6,735.49 in unpaid contributions, $252.86 in interest on those unpaid contributions, $1,347.10 in liquidated damages, and $431.25 in audit costs is appropriate. The total amount awarded is $8,766.70.

    2.    **Attorneys' Fees and Litigation Costs**

Plaintiffs also seek $3,500.00 in attorneys' fees and $667.00 in litigation costs based on costs that they have already incurred. Dkt. 15, Supplemental Declaration of Lauren Schmidt ("Supplemental Schmidt Decl.") ¶ 9. ERISA provides for a mandatory award of

---

[2] ERISA mandates an award in an amount equaling the greater of either: interest on the unpaid contributions *or* liquidated damages provided for under the plans, not to exceed twenty percent. 29 U.S.C. § 1132(g). The Plans specifically provide for liquidated damages consistent with these two calculation methods. Compl. ¶ 12. Plaintiffs' request for $1,347.10 in liquidated damages, constituting twenty percent of the $6,735.49 in delinquent contributions, the greater sum as compared to interest, is therefore consistent with both the Plans and ERISA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-05885-CAS-JC | Date | October 29, 2019 |
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN ET AL. v. MARCH ON PRODUCTIONS, INC. | | |

"reasonable attorney's fees and costs of the action, to be paid by the defendant[.]" 29 U.S.C. § 1132(g)(2)(D). Pursuant to Local Rule 55–3, however, attorneys' fees awarded upon default judgment are generally calculated according to a fee schedule based upon the amount of the judgment awarded. See C.D. Cal. L.R. 55–3. For a judgment between $1,000.01 and $10,000, the corresponding attorneys' fees are $300.00 plus ten percent of the amount over $1,000. See id. Here, the Court has already determined that a judgment of $8,766.70 is appropriate. Accordingly, the fee schedule set forth in Local Rule 55–3 would result in an award of $1,076.67 ($300.00 plus ten percent of $7,766.70).

Plaintiffs, however, request that the Court fix fees in an amount in excess of this fee schedule. Supplemental Schmidt Decl. ¶ 11. The Ninth Circuit has held that "[i]f a party seeks a fee 'in excess of' the schedule and timely files a written request to have the fee fixed by the court, then the court must hear the request and award a 'reasonable' fee." Vogel v. Harbor Plaza Ctr., LLC, 893 F.3d 1152, 1159 (9th Cir. 2018). "The Ninth Circuit has expressly held that the standard for determining the amount of attorney's fees in ERISA cases is the lodestar/multiplier approach." Motion Picture Indus. Pension Plan v. Klages Grp., Inc., 757 F. Supp. 1082, 1087 (C.D. Cal. 1991). Under this approach, the Court calculates the attorneys' fees "by multiplying the number of hours *reasonably expended* on the litigation by a *reasonable* hourly rate." Vogel, 893 F.3d at 1160 (emphases in original) (internal citation and quotation marks omitted).

Here, plaintiffs calculate the $3,500.00 in requested attorneys' fees based on 13.60 hours of professional services rendered, using a blended rate of either $250.00 or $300.00 per hour for attorneys, and a rate of $140.00 per hour for paralegals. Supplemental Schmidt Decl. ¶ 9, 11. Plaintiffs support these figures with evidence in the form of billing records. See Dkt. 12-11. In connection with a default judgment in another ERISA case, another court in this district recently approved an award of attorneys' fees based on hourly rates of $300.00 for attorneys and $115.00 for legal assistants, for 40.30 hours of professional services rendered. See Teamsters Multi-Benefit Tr. Fund v. California Offset Printers, Inc., No. 2:18-cv-08996-ABR-AO, 2019 WL 3249605, at *4 (C.D. Cal. May 1, 2019). Accordingly, the Court finds reasonable plaintiffs' request for $3,500.00 in attorneys' fees based on 13.60 hours of professional services rendered.

Plaintiffs also request an award of $667.00 in litigation costs based on a $400.00 filing fee and $267.00 in "attorney services fees." Supplemental Schmidt Decl. ¶¶ 2–6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-05885-CAS-JC | Date | October 29, 2019 |
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN ET AL. v. MARCH ON PRODUCTIONS, INC. | | |

The $667.00 in attorney service fees correspond to: $67.50 on July 10, 2019 related to the filing of the complaint; $64.50 on July 17, 2019 for service of process of the complaint; $67.50 on July 18, 2019 for the filing of service of process of the complaint; and $67.50 on August 12, 2019 for the filing of plaintiffs' request to enter default judgment. Id. ¶¶ 3–6. The Court concludes that these fees are recoverable. See Harlow v. Metro. Life Ins. Co., 379 F. Supp. 3d 1046, 1060 (C.D. Cal. 2019) (finding that "costs relating to the filing fee, service of process[,] certain photocopies, and subpoena fees" were recoverable as part of fee award in connection with default judgment in ERISA case).

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiffs' motion for default judgment. Defendant shall be liable to the plaintiffs in the amount of $8,766.70. The Court awards plaintiffs $3,500.00 in attorneys' fees and $667.00 in costs.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |